CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
   San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
   San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Zarian**, <br><br> Plaintiff, <br><br> v. <br><br> **Lucian Lelea,** in individual and representative capacity as trustee of the Lucian Lelea Revocable Trust; and Does 1-10 <br><br> Defendants. | Case No.: 8:16-cv-01794-DOC-JEM <br><br> **PLAINTIFF'S APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER; DECLARATIONS AND EXHIBITS ATTACHED** |

Plaintiff James Zarian, through her attorneys of record, hereby applies for an order directing that service of the summons in this action on Defendant Lucian Lelea, in individual and representative capacity as trustee of the Lucian Lelea Revocable Trust, be effected by publication of the summons in Orange County Reporter, a newspaper of general

Application to Serve by Publication                8:16-cv-01794-DOC-JEM
Memorandum of Points and Authorities

1  circulation that is most likely to give notice to Defendant because it
2  circulates in the area of Defendant's last known address. This application
3  is made on the grounds that plaintiff has stated a cause of action against
4  this defendant, as shown by the complaint on file, and defendant Lucian
5  Lelea, cannot with reasonable diligence be found and served in any other
6  manner specified in Code of Civil Procedure sections 415.10 through
7  415.30.
8      This application is based upon Code of Civil Proc., Section 415.50,
9  the attached memorandum of points and authorities, the declarations filed
10 concurrently with this application, the attached exhibits and all other
11 papers filed with the Court.

15 Dated: January 30, 2017          CENTER FOR DISABILITY ACCESS

18                                   By: /s/ Dennis Price
19                                      DENNIS PRICE
20                                      Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. RELEVANT FACTS

Plaintiff is a California resident with physical disabilities. He suffers from muscular dystrophy, cannot walk and uses a wheelchair for mobility. (Complaint, ¶ 1) Plaintiff went to the property in December 2015 to visit Marquest Scientific (Complaint, ¶ 8) Parking spaces is one of the facilities, privileges and advantages offered to the patron of Marquest Scientific. In December 2015, the handicap parking spaces reserved for persons with disabilities were faded. (Complaint, ¶ 16). The handicap parking spaces did not have the required "Minimum Fine $250" signage posted( Complaint, ¶ 17). The handicap parking spaces did not have the required tow-away signage posted (Complaint, ¶ 18).The handicap parking spaces did not have the mandated pole or wall mounted signage with the wheelchair logo. (Complaint, ¶ 19). The wheelchair logo in the handicap parking spaces was faded. (Complaint, ¶ 20). The diagonally striped blue marking in the access aisles were faded( Complaint, ¶ 21). The blue border around the handicap parking spaces was faded( Complaint, ¶ 22). The access aisles did not have the required blue border. (Complaint, ¶ 23). The wheelchair logo in the van parking space reserved for persons with disabilities in front of Marquest Scientific was faded( Complaint, ¶ 24). The van parking space reserved for persons with disabilities in front of Marquest Scientific did not have the required "Minimum Fine $250" signage posted.( Complaint, ¶ 25). The van parking space reserved for persons with disabilities in front of Marquest Scientific did not have the required tow-away signage. (Complaint, ¶ 26). The van parking space reserved for persons with disabilities in front of Marquest Scientific did not

have the mandated pole or wall mounted signage with the wheelchair logo.( Complaint, ¶ 27). The diagonally striped blue marking in the access aisle of the van parking space reserved for persons with disabilities in front of Marquest Scientific was faded( Complaint, ¶ 28). The access aisle adjacent to the van parking space reserved for persons with disabilities in front of Marquest Scientific did not have the required "NO PARKING" lettering ( Complaint, ¶ 29). The blue border around the van parking space reserved for persons with disabilities in front of Marquest Scientific was faded. (Complaint, ¶ 30)

Because of this, Plaintiff filed this complaint on September 27, 2016.

    Counsel searched business and property records using the TransUnion/TLO XP (TLO) search engine's California Ultimate Weapon Database, which is one of the strongest research tools used nationwide by governmental agencies, law enforcement, law firms and private detectives. TLO collects and maintains records nationwide records which include all listed addresses, all real listed real property, corporate interests, legal and criminal cases, professional licenses, Board of Equalization licenses, utilities, voting registrations, driver's license information, and deaths.  (Declaration of Dennis Price "Price Dec.", ¶ 6)  The search revealed that the defendant Lucian Lelea, in individual and representative capacity as trustee of the Lucian Lelea Revocable Trust owns the property located at or about 2950 Airway Avenue, Bldg. C-5, Costa Mesa, California, currently had mailing residential address at 2767 Lorenzo Ave, Costa Mesa, CA 92626-5530 and commercial address being 3303 Harbor Blvd. Suite E7, Costa Mesa, CA 92626-1520 (Price Dec., ¶ 7).

    Counsel hired Armada Prime Services at PO Box 262082 San Diego, CA 92196-2490, to serve Defendants with process. (Price Dec., ¶ 8). Armada Prime process servers attempted to serve Defendant Lucian

Lelea at 2767 Lorenzo Ave, Costa Mesa, CA 92626-5530 And Commercial 3303 Harbor Blvd. Suite E7, Costa Mesa, CA 92626-1520, however all the attempts proved futile. (See Exhibit 1.) (Price Dec., ¶ 9). Counsel sent a notice of acknowledgement and receipt to Defendants at the address, 2767 Lorenzo Ave, Costa Mesa, CA 92626-5530 And Commercial 3303 Harbor Blvd. Suite E7, Costa Mesa, CA 92626-1520, however, it never returned till date. (See Exhibit 2) (Price Dec., ¶ 10).

Defendant's whereabouts are unknown and counsel has been unable to locate any additional addresses for the Defendants. (Price Dec., ¶ 12)

## II. THIS COURT SHOULD AUTHORIZE PUBLICATION OF THE SUMMONS

Plaintiff has exercised reasonable diligence in attempting to serve Defendant by other methods. Service by publication is authorized if "upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence" be served in another manner. (CCP § 415.50(a).) For service upon individuals, other methods of service include personal service (CCP § 415.10), service by mail (CCP § 415.30) and abode service (CCP § 415.20(b).) Reasonable diligence is shown through a "thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." (Watts v. Crawford (1995) 10 Cal.4th 743, 749, fn 5.)

Here, Plaintiff's Counsel attempted personal service by hiring process servers to serve Defendants at his last known mailing addresses.

1  Because the process server was either continuously unsuccessful, or the
2  residential place was vacant, service could not be effectuated by either
3  personal or substituted service. Additionally, Plaintiff attempted to serve
4  Defendants by mail by sending a notice of acknowledgment and receipt.
5  However, as of the date of this motion Defendants has not signed and
6  returned the notice.

### III. CONCLUSION

Plaintiff respectfully requests that this court issue an Order allowing Plaintiff to serve Defendant Lucian Lelea, in individual and representative capacity as trustee of the Lucian Lelea Revocable Trust through publication of summons.

Dated: January 30, 2017               CENTER FOR DISABILITY ACCESS

                                     By: __/s/ Dennis Price_____
                                         DENNIS PRICE
                                         Attorney for Plaintiff